**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **IVAN G. RICE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 6:05cv330 |
| vs. | § | |
| | § | |
| **HONEYWELL INTERNATIONAL, INC.; and ROLLS-ROYCE, PLC,** | § § § | |
| | § | |
| Defendants, | § | |
| | § | |
| vs. | § | |
| | § | |
| **NORTHROP GRUMMAN CORP.** | § | |

**MEMORANDUM OPINION AND ORDER**

Previously, the Court denied Plaintiff's Amended Motion to Compel (Docket No. 152). The Court now enters this Memorandum Opinion and Order explaining the Court's ruling.

**BACKGROUND AND THE
PARTIES' CONTENTIONS**

This case involves U.S. patent 4,896,499 ("the '499 patent). Plaintiff Ivan Rice's ("Rice") motion centers around Defendant Rolls-Royce, PLC's ("Rolls-Royce") production of five documents. Initially, Rolls-Royce claimed that these documents were protected from disclosure by the attorney-client privilege. Upon further review, however, Rolls-Royce contends that it determined that these documents were not privileged and it produced them to Rice. Rice asserts that these documents are, in fact, privileged and that, by producing them, Rolls-Royce has waived the attorney-client privilege with regard to documents pertaining to infringement and invalidity of the patent-in-

suit and litigation strategy in an earlier, related case.[1]  Rolls-Royce counters that the documents at issue were exchanged between Rolls-Royce engineers or in house Rolls-Royce British patent agents and Roll-Royce engineers, from which minimal attorney-client communications and work product were redacted prior to production in this case.  Rolls-Royce contends that these redacted documents do not convey any legal advice or requests for legal advice, nor do they reflect any legal advice.

## APPLICABLE LAW

The central purpose of the attorney-client privilege is to encourage full and frank communications between attorneys and their clients and thereby promote the broader public interests in the observance of law and the administration of justice.  *Willy v. Admin. Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005).  The privilege concerns communications made to an attorney or subordinate, in confidence, for the purpose of securing legal advice, assistance or representation.  *Perkins v. Gregg, County, Texas*, 891 F. Supp. 361, 363 (E.D. Tex. 1995); *see also United States v. Mobil Corp.*, 149 F.R.D. 533, 536 (N.D. Tex. 1993) ("The attorney-client privilege protects two related, but different communications: (1) confidential communications made by a client to his lawyer for the purpose of obtaining legal advice; and (2) any communication from an attorney to his client when made in the course of giving legal advice, whether or not that advice is based on privileged communications from the client.").  Communications between attorney and client are only protected by privilege if they are intended to remain confidential and were made under circumstances so that the communication was reasonably expected and understood to be confidential.  *In re Auclair*, 961

---

[1] Initially, in its motion to compel, Rice argued that Rolls-Royce intended to rely on these allegedly privileged documents in its defense against Rice's claim of willful infringement.  Therefore, according to Rice, Rolls-Royce was seeking to use the privilege as a sword and a shield.  Rolls-Royce has made clear that it is not relying on opinions of counsel or privileged as a defense to willful infringement.  As the briefing developed and as counsel for Rice acknowledged at the hearing, the crux of the issue is whether the documents are privileged.  If they are not, then Rolls-Royce would not be using the privilege as a sword and its reliance on the documents would not waive the attorney-client privilege.

F.2d 65, 70 (5th Cir. 1992). As the proponent of the privilege, Rice has the burden the following elements of the privilege:

    (1)    the asserted holder of the privilege is or sought to become a client
    (2)    the person to whom the communication was made is
           a.    a member of the bar of a court, or his subordinate, and
           b.    in connection with this communication is acting as a lawyer;
    (3)    the communication relates to a fact of which the attorney was informed
           a.    by his client
           b.    without the presence of strangers
           c.    for the purpose of securing primarily either an opinion on law or legal services or assistance in some legal proceeding, and
           d.    not for the purpose of committing a crime or tort; and the privilege has been claimed and
           e.    not waived by the client.

*Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 134-35 (E.D. Tex. 2003); *Mobil Corp.,* 149 F.R.D. at 536. Generally, courts construe the privilege narrowly as its assertion inhibits the search for truth. *Perkins*, 891 F.Supp. at 363.

## ANALYSIS

At the hearing, Rice argued that the documents at issue were prepared by Rolls-Royce engineers and patent agents under the direction and supervision of U.S. attorney, James Oliff. Rice cited numerous entries on Rolls-Royce's privilege log in close temporal proximity to the privilege entries for the documents at issue showing communications between Oliff and Rolls-Royce personnel to support his argument. Rice requested *in camera* inspection of the surrounding documents to determine whether the documents at issue were prepared at the direction of Oliff.[2] As will be discussed below, however, the Court finds that the documents themselves are not privileged.

---

[2] Rice cites *Willemijn Houdstermaatschapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1447 (D. Mass. 1989) to support its position. In that case, however, the court was apparently viewing only the privilege entries, not the documents themselves. Further, the privilege entries persuaded the *Willemijn* court that the withheld documents were prepared by patent agents at the direction of attorneys. Here, the Court is not persuaded that the entries or the documents themselves demonstrate that they were prepared at the direction of an attorney.

Moreover, Rice's primary basis for an *in camera* inspection is that there are communications with attorney Oliff in close temporal proximity to the documents at issue. The Court concludes that this is too tenuous a connection to the surrounding entries to warrant an *in camera* inspection.

Document No. 0051442 (Exhibit 1 to Rolls-Royce's response). This document is a 1992 internal Rolls-Royce memorandum from Peter Dargavel, an in-house British patent agent, to a Rolls-Royce engineer, Robert Watson. In this document, Dargavel reports on the reexamination of the '499 patent and asks for a technical comparison of a feature of a Rolls-Royce engine, the WR21, and claim 1 of the '499 patent. The document is not a communication to or from a U.S. attorney. As a general matter, communications with a foreign patent agent about a U.S. patent are not privileged under U.S. privilege law. *See In re Rivastigmine Patent Litigation*, 237 F.R.D. 69, 74 (S.D. N.Y. 2006). The fact the document contains factual statements concerning a reexamination of the '499 patent does not render it privileged because factual recitations are not protected. *See Ferko,* 218 F.R.D. at 133. This document appears to be a request for a Rolls-Royce engineer to conduct a technical analysis of an engine as compared to certain patent claim language. Thus, the Court is not persuaded that this document contains confidential information for the purpose of facilitating legal advice or services. See *Mobil Corp.*, 149 F.R.D. at 536 (to be privileged, communications must be made for the purpose of obtaining legal advice or in the course of giving legal advice). Accordingly, the Court finds that Rolls-Royce did not waive the attorney-client privilege by producing this document.[3]

Document No. RR 0051407  (Exhibit 2 to Rolls-Royce's response). This document is Watson's response to Dargavel's request set forth in Exhibit 1. For the reasons discussed above, the

---

[3] It is worth noting that Dargavel has testified that he was not seeking legal analysis through this inquiry. Further, Rice has not shown that there was pending or threatened litigation at the time of this 1992 communication.

Court finds that this document does not meets the requirements of the privilege and finds that Rolls-Royce has not waived the privilege by producing it.

Document No. RR0051451-1453 (Exhibit 3 to Rolls-Royce's response). This document is a 1997 internal memorandum from Roll-Royce engineer, Elizabeth Watson, to several people, including an in-house Rolls-Royce patent agent, Helga Chapman. In this document, Watson sets forth her understanding of status of a lawsuit filed by Rice against the U.S. Department of Justice. Again, the Court does not find this is a confidential communication made for the purpose of obtaining legal advice. *Ferko,* 218 F.R.D. at 133 (factual recitations not privileged). While Chapman was copied on the memo, this does not necessarily confer privileged status on the document. *See Andritz Spout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 633 (M.D. Pa. 1997) (privileged not conferred solely because attorney copied on document). And, as discussed above, communications with foreign patent agents about U.S. patents are not privileged. *In re Rivastigmine Patent Litigation*, 237 F.R.D. at 74. For these reasons, the Court finds that Rolls-Royce has not waived the privilege by producing this document.

Document No. 0051409-15 (Exhibit 4 to Rolls-Royce's response). This document is a 1997 memorandum containing Elizabeth Watson's engineering analysis of claim 1 of the '499 patent. While this communication does include a technical analysis of claim 1, it is not legal advice nor is there any showing that it was made for the purpose of obtaining legal advice. Rice has not shown that Watson conducted this analysis at the request of an attorney or discussed this analysis with an attorney. The testimony before the Court appears to show that Watson conducted the analysis on her own and did not receive instructions from an attorney on the interpretation of a U.S. patent. Thus, the Court finds that this document is not privileged.

Document No. 0051409-15 (Exhibit 5 to Rolls-Royce's response). This 1997 document is

a memorandum from Paul Fletcher, a Rolls-Royce engineer to another Rolls-Royce engineer, Elizabeth Watson.  For the reasons discussed with regard to Exhibit 4, the Court finds that this document is not privileged.

## CONCLUSION

For the foregoing reasons, the Court finds that Rice's motion should and is hereby **DENIED**.

**So ORDERED and SIGNED this 15th day of March, 2007.**

                                  *[signature]*
                                  JOHN D. LOVE
                                  UNITED STATES MAGISTRATE JUDGE